# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DONTE LEON COROTHERS, | CASE NO. 07cv823-WQH (CAB) |
|---|---|
| Petitioner, | **ORDER** |
| vs. | |
| M. EVANS, Warden, | |
| Respondent. | |

HAYES, Judge:

On May 7, 2007, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On July 30, 2007, Respondent filed a motion to dismiss, arguing that the Petition is barred by the applicable statute of limitations, or alternatively, that the Petition should be dismissed because Petitioner failed to exhaust his state court remedies. On August 30, 2007, Petitioner filed a motion to dismiss the Petition without prejudice, so that he may exhaust his state court remedies. *Cf. Jackson v. Roe*, 425 F.3d 654, 657 (9th Cir. 2005) ("[T]he doctrine of exhaustion requires a petitioner to present his claims to a state court for review before seeking relief in federal court.").

Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff may voluntarily dismiss his case "at any time before the service by the adverse party of an answer or of a motion for summary judgment." Rule 41(a)(1) applies to habeas proceedings. *See Williams v. Clarke*, 82 F.3d 270, 272-73 (8th Cir. 1996); *see also* Rule 11, Rules Governing Section 2254 Proceedings in the United States District Courts (providing that the Federal Rules of

Civil Procedure apply to habeas corpus petitions "when appropriate" and "to the extent that they are not inconsistent with" the rules governing habeas corpus cases). Respondent has not yet filed an answer or a motion for summary judgment.

Therefore, pursuant to Rule 41(a)(1), Petitioner's motion to dismiss (Doc. # 20) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

DATED: September 10, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge